NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 31 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RASHIMER SWAFFORD,<br><br>  Plaintiff - Appellant,<br><br> v.<br><br>TOBBIE B. WAXMAN Esquire; Honorable ELIZABETH SCULLY, who is a Judge; severally, jointly and in their individual capacities as State Actors Under the Color of State law,<br><br>  Defendants - Appellees. | No. 25-2774<br><br>D.C. No. 2:24-cv-03381-SVW-MAR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted July 29, 2026[**]

Before:    McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

Rashimer Swafford appeals pro se from the district court's judgment

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Swafford's requests for oral argument, set forth in the opening and reply briefs, are denied.

dismissing his action alleging federal and state law claims related to his divorce proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to comply with Federal Rule of Civil Procedure 8. *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006). We affirm.

The district court properly dismissed Swafford's action because his complaint failed to comply with Rule 8. *See* Fed. R. Civ. P. 8(a)(2) (a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (explaining that a complaint that is "verbose, confusing and conclusory" violates Rule 8); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

Because the district court properly dismissed Swafford's action, it also properly denied Swafford's motion for summary judgment. *See Pruitt v. Cheney*, 963 F.2d 1160, 1162-63, 1167 (9th Cir. 1991), *amended* (May 8, 1992) (setting forth standard of review and holding that denial of an affirmative motion for summary judgment is proper when underlying claims have been properly denied).

The district court did not abuse its discretion by denying Swafford's motion for default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)

(setting forth standard of review and factors that courts may consider in determining whether to enter default judgment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Swafford's request for default judgment, set forth in the opening brief, is denied.

**AFFIRMED.**